## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, *ex rel.*
CHINYELU DUXBURY,

          Relator,

          v.

ORTHO BIOTECH PRODUCTS, L.P.,

          Defendant.

Civil No. 03-12189 (RWZ)

### DEFENDANT'S BRIEF ON THE PROPER SCOPE OF RELATOR'S
### REMAINING KICKBACK CLAIMS

The parties agreed at the December 10, 2009 status conference that any remaining kickback claims in the Amended Complaint accruing before November 6, 1997, were time-barred, given the six year statute of limitations of the False Claims Act (FCA). Defendant Ortho Biotech Products, L.P. (OBP) contends, therefore, that relator has at most only a few months of viable kickback claims remaining, as both this Court and the First Circuit already have ruled that relator is barred from recovering anything after July 1998, when OBP terminated Mark Duxbury (Duxbury) for cause and he lost his status as an "original source."[1] Relator does not seek to disturb (and cannot anyway) the prior rulings that (1) Duxbury qualified as an original source of alleged kickbacks in the Amended Complaint "only with regard to allegations concerning the 1992-1998 time period" during which he was employed by OBP; and (2) Relator McClellan did

---

[1] At the December 10, 2009 status conference, this Court granted a Motion to Substitute Party filed by Chinyelu Duxbury, Mr. Duxbury's surviving spouse ("relator"). OBP did not object to relator's substitution at the status conference, but reserved the right to challenge relator's substitution should it become apparent during the course of this litigation that such a substitution prejudices OBP given the unique limitations on subject matter jurisdiction imposed on *qui tam* plaintiffs and the Court under the FCA.

not qualify as an "original source" for *any* of the alleged kickbacks described in the Amended Complaint. *See United States ex rel. Duxbury v. Ortho Biotech Prods., L.P.*, 551 F. Supp. 2d 100, 109 (D. Mass. 2008); *United States ex rel. Duxbury v. Ortho Biotech Prods., L.P.*, 579 F.3d 13, 28-29, 32 (1st Cir. 2009) (First Circuit Opinion).

Instead, relator now contends that, notwithstanding those rulings, she can pursue any *post*-July 1998 kickback claims on behalf of the United States, which has declined to intervene in this FCA case but still remains the real party in interest. Relator also appears to contend that she can pursue kickback claims that post-date July 1998 using the now-dismissed Relator McClellan as a witness.

The Court should reject these arguments. The law is clear that relator cannot resuscitate otherwise dismissed or nonviable claims merely because she wants to proceed on behalf of the government; the United States remains the real party in interest in this case, and the dismissal of relator's claims would not dismiss any claims that could be asserted by the United States. *See Duxbury*, 551 F. Supp. 2d at 116 n.19, *citing United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 455 (5th Cir. 2005). Moreover, the Supreme Court has made clear that relator is barred from proceeding with *any* claims, whether on her own behalf or on the government's behalf, for which Duxbury does not serve as an original source: "[The FCA] does not permit jurisdiction in gross just because a relator is an original source with respect to *some* claim. We, along with every court to have addressed the question, conclude that [the FCA] . . . does not permit such claim smuggling." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 476 (2007) (emphasis added) (citations omitted). For this reason, relator cannot somehow use dismissed Relator McClellan, whether as a "witness" or otherwise, in further pursuit of any post-July 1998 claims against OBP now that all of McClellan's own claims have been dismissed. *Id.*

Accordingly, this Court should enter an order limiting the remaining claims in this case to those alleged in a single paragraph in the Amended Complaint (paragraph 211), which is the only paragraph that the First Circuit found satisfied Rule 9(b), *see* First Circuit Opinion, 579 F.3d at 29-32, and only to the extent that those claims fall into the narrow window between November 1997 and July 1998.

## ARGUMENT

### I.     RELATOR MAY NOT PURSUE ANY KICKBACK CLAIMS BASED ON OBP CONDUCT ALLEGED TO HAVE OCCURRED AFTER JULY 1998

Relator cannot pursue any kickback claims after July 1998 because this Court already ruled that those allegations were publicly disclosed and Duxbury was not an original source after he left OBP in July 1998.  That ruling, of course, is law of the case.

In its January 25, 2008 decision, this Court correctly concluded that Duxbury could not have had direct and independent knowledge of any alleged kickbacks occurring at OBP after he left the company:

> [Duxbury's] direct knowledge of OBP's activities only extends to the time he was employed by the company.  He has no direct knowledge of OBP's activities occurring after he was terminated in 1998.  Therefore, he qualifies as an original source only with regard to allegations concerning the 1992-1998 time period.

*Duxbury*, 551 F. Supp. 2d at 109, citing *Rockwell,* 549 U.S. at 475-76, 127 S.Ct. 1397, 1409-10. The First Circuit expressly affirmed on this public disclosure bar issue.  *See* First Circuit Opinion, 579 F.3d at 32, 34  (affirming "the dismissal of all claims except those kickback claims attributable to Duxbury," and reversing as to Duxbury's kickback claims only for "the years 1992 through 1998").  Because it is law of the case that the kickback claim was the subject of a prior public disclosure, relator cannot pursue any part of that claim with respect to which both this Court and the First Circuit have held Duxbury does *not* qualify as an original source.  *See,*

*e.g.*, *United States v. Rivera-Martinez*, 931 F.2d 148, 150 (1st Cir. 1991) (the First Circuit Opinion forms "the law of the case and it *must* be followed by the trial court on remand") (internal quotation marks and citation omitted).

Nor can relator circumvent the law of the case to pursue claims after July 1998 by using the now-dismissed relator McClellan as some sort of witness or otherwise. As the Supreme Court made clear in *Rockwell*, the original source issue must be considered with precision on a claim-by-claim basis. The FCA "does not permit jurisdiction in gross just because a relator is an original source with respect to *some* claim" alleged in the complaint; the FCA "does not permit such claim smuggling," the Court held. *Rockwell*, 549 U.S. at 476 (emphasis added); *see id.* ("The plaintiff's decision to join all of his or her claims in a single lawsuit should not rescue claims that would have been doomed by [the FCA's original source rule] if they had been asserted in a separate action.") (internal quotation marks and citation omitted). This is exactly what relator is seeking to do, now that Relator McClellan and the claims attributable to him are no longer part of this case.

Relator's position is also flatly inconsistent with the express language in the FCA. The FCA allows only two types of actions against parties alleged to have submitted false claims to the United States. First, the "Attorney General may bring a civil action against [any such] person" directly. 31 U.S.C. § 3730(a). Second, a private "person may bring a civil [*qui tam*] action for a violation of [the FCA] . . . for the person *and* for the United States Government." *Id.* § 3730(b) (emphasis added). The FCA's *qui tam* provision thus contemplates that a private citizen must have a vested interest (*i.e.*, a share in any potential recovery) in any claim that he or she pursues. There is no third provision in the FCA allowing a lawsuit where private citizens who do not qualify as original sources can still pursue FCA claims so long as they purport to

pursue them exclusively on behalf of the United States – nor could there be without completely eviscerating the jurisdictional limitations in the statute.  Were relator's position to prevail, any private citizen could file an FCA lawsuit against any defendant without regard to subject matter jurisdiction.  *See, e.g., United States ex rel. Merena v. SmithKline Beecham Corp.*, 205 F.3d 97, 104 (3rd Cir. 2000) (Alito, J.) ("[I]f a relator who is not an 'original source' asserts a claim . . . and the government does not intervene, the claim must be dismissed, and the relator obviously receives no award.").

Nor does relator somehow need to stay in this case to protect the interest of the United States.  The law is clear that if relator's legal claims are deficient, her claims must be dismissed, but such dismissal does not extend to those claims that could be advanced by the government, which remains the real party in interest.[2]  The government would not be prejudiced by a dismissal of relator's claims – indeed, in its January 25, 2008 decision, this Court properly declined to dismiss this lawsuit as to the United States.  *Duxbury*, 551 F. Supp. 2d at 116 n.19.

---

[2] As one court has explained: "The structure of the FCA reflects [a] unique government-relator relationship. An antitrust or RICO plaintiff is the master of her lawsuit.  Not so with the FCA.  The statute gives the United States substantial control over the relator's suit.  *See, e.g.:* § 3730(b)(2) (government may intervene in the suit as of right within sixty days after receiving the relator's complaint, evidence, and information); § 3730(b)(1) (relator cannot dismiss her own suit without written consent of the court and the Attorney General); § 3730(c)(3)-(4) (even if the government does not intervene, it may monitor the proceedings and stay discovery in certain situations); § 3730(c)(3) (government may intervene at any time upon a showing of good cause); § 3730(c)(2)(A) (government may dismiss the suit after notice to the relator and a hearing); § 3730(c)(2)(B) (government may settle the suit with the defendant over the relator's objection if the court approves after a hearing)."  *United States ex rel. Rosales v. San Francisco Hous. Auth.*, 173 F. Supp. 2d 987, 1017 (N.D. Cal. 2001).

The FCA also provides that the United States can intervene under certain circumstances upon a showing of "good cause," *see. e.g.*, *Ridenour v. Kaiser-Hill Co., L.L.C.*, 397 F.3d 925, 932 (10th Cir. 2005) (citing 31 U.S.C. § 3730(c)(3)), and the government's claims would not be limited to the very narrow set of claims with respect to which Duxbury is an original source. *See Rockwell*, 549 U.S. at 478 ("[A]n [FCA] action originally brought by a private person, which the Attorney General has joined, becomes an action brought by the Attorney General once the private person has been determined to lack the jurisdictional prerequisites for suit.").

In short, as to relator, this Court has subject matter jurisdiction to hear *only* those claims with respect to which Duxbury is an original source.  Following the Supreme Court's decision in *Rockwell*, 549 U.S. at 475 ("Because Stone was no longer employed by Rockwell at the time, he did not know . . . that Rockwell made false statements to the Government regarding pondcrete storage."), this Court and the First Circuit have already held that relator's claims are cut off at July 1998, when OBP terminated Duxbury's employment and he ceased being an original source.  *See Duxbury*, 551 F. Supp. 2d at 109, 114; First Circuit Opinion, 579 F.3d at 32.  This Court therefore cannot allow relator to pursue any kickback claims based on any alleged OBP conduct occurring after July 1998.  Moreover, to the extent that relator wishes to rely on McClellan as a "witness" (now that he has been dismissed as a relator for failing to qualify as an original source for any claim alleged in the Amended Complaint), relator can only do so for the same narrow kickback claims from November 1997-July 1998 for which Duxbury qualifies as an original source and, as further explained below, only to the extent that those claims are not barred by the statute of limitations.

## II.    THE ONLY EVEN POTENTIALLY VIABLE CLAIMS THAT RELATOR MAY PURSUE AT THIS STAGE ARE CERTAIN CLAIMS DESCRIBED IN PARAGRAPH 211 OF THE AMENDED COMPLAINT

The First Circuit held that only certain kickback claims alleged in paragraph 211 of the Amended Complaint were sufficient to comply with Rule 9(b). But the claims contained in that paragraph span a substantial period of time, from 1993 to 1998. Given the six-year statute of limitations, relator cannot pursue any claims that predate November 6, 1997. And given the original source rule and its limitation on subject matter jurisdiction, relator cannot pursue any claims that postdate July 1998. Thus, the only remaining claims in this case are as follows:

Amended Complaint, paragraph 211(a). This paragraph alleges conduct occurring "between approximately 1993 through 1997." Except for the narrow period from November 6, 1997 through December 31, 1997, this claim is barred by the statute of limitations. In addition, the claim in this paragraph based on alleged "educational grants" to St. Joseph's Hospital is completely barred (*see* Am. Compl. ¶ 122, referencing "an 18-month period beginning in the spring of 1993" for these payments). The only claim in this paragraph that remains even potentially viable is the reference to an "off-invoice" rebate, but even there only insofar as the claim alleges FCA violations involving "kickbacks" from November 6, 1997 to the end of 1997.

Amended Complaint, paragraph 211(b): This paragraph alleges conduct occurring "[i]n 1998." Given the original source rule, this claim is potentially viable only to the extent that it alleges conduct occurring before OBP terminated Duxbury in July 1998.

Amended Complaint, paragraph 211(c): This paragraph has two parts. The first part alleges conduct occurring "[i]n 1993." The statute of limitations bars this claim. The second part of this paragraph alleges conduct "[i]n 1993-98." The bulk of this claim is time-barred as

well, and the original source rule precludes the assertion of any claims after the date OBP

terminated Duxbury in mid-July 1998.

Amended Complaint, paragraph 211(d):  This paragraph alleges conduct occurring "[i]n

1997-98."  Thus, it alleges a potentially valid claim only with respect to conduct occurring

between November 6, 1997 and the date OBP terminated Duxbury in mid-July 1998.

Amended Complaint, paragraphs 211(e)-(f) and (h).  These paragraphs allege conduct

occurring entirely before November 6, 1997.  Thus, these claims are completely barred by the

statute of limitations.

Amended Complaint, paragraph 211(g):  This paragraph has three parts.  The first part

alleges conduct occurring in "1994-1997."  Thus, it alleges a potentially valid claim only with

respect to conduct occurring between November 6, 1997 and December 31, 1997.  The second

part of this paragraph alleges conduct occurring "[i]n 1998."  It thus alleges a potentially valid

claim only with respect to conduct occurring from January 1, 1998 until Duxbury's termination

in July 1998.  The last allegation in this paragraph ("Memorial Clinic Oncology Group also

received approximately $50,000 . . .") is undated.  The First Circuit did not address this

allegation on appeal and, given the lack of any date, it does not satisfy Rule 9(b).  *See* First

Circuit Opinion, 579 F.3d at 30-31 (asserting that Duxbury satisfied Rule 9(b) for certain claims,

in part, by at least identifying "the rough time periods" of the challenged conduct) (citing *Rodi v.

S. New Eng. Sch. of Law*, 389 F.3d 5, 15 (1st Cir. 2004) (requiring "the who, what, where, and

when" of the alleged fraud)); *United States ex rel. Rost v. Pfizer, Inc.*, 507 F.3d 720, 731 (1st Cir.

2007) (requiring "time, place, and content") (internal quotation marks and citation omitted)).

Even assuming this allegation complies with 9(b), any such claim would be limited to conduct

occurring between November 6, 1997 and Duxbury's termination date in mid-July 1998.

Given the statute of limitations and the original source rule as applied by the First Circuit and this Court, no other claims remain even potentially viable for relator to pursue in this action.

## CONCLUSION

For the reasons set forth above, this Court should enter an order strictly limiting relator's claims on remand to the kickback allegations contained in paragraph 211 of the Amended Complaint that are based on OBP's conduct purportedly occurring between November 6, 1997 and the date of Duxbury's termination in mid-July 1998.

Respectfully submitted,

Dated:  December 31, 2009

/s/ Ethan M. Posner
Ethan M. Posner (admitted *pro hac vice*)
Patrick S. Davies
Andrew W. Lamb
Anne Y. Lee (BBO # 667381)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC  20004
(Tel) (202) 662-6000
(Fax) (202) 662-6291

*Attorneys for Defendant Ortho Biotech Products, L.P.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Defendant's Brief On The Proper Scope Of Relator's Remaining Kickback Claims, above, was served upon the following attorneys by Electronic Case Filing and/or by First Class Mail on December 31, 2009:

Sara Miron Bloom
U.S. Attorney's Office
District of Massachusetts
1 Courthouse Way
Suite 9200
Boston, MA  02210

Kathleen C. Chavez
The Chavez Law Firm, P.C.
416 S. Second Street
Geneva, IL  60134

Jamie Yavelberg
United States Department of Justice
601 D Street, N.W.
Patrick Henry Building
Washington, DC  20004

Robert M. Foote
Foote, Meyers, Mielke & Flowers, LLC
416 S. Second Street
Geneva, IL  60134

Jan R. Schlichtmann
Jan Richard Schlichtmann Atty At Law PC
P.O. Box 233
Prides Crossing, MA  01965

Paul E. Simmerly
Herman, Recor, Araki, Kaufman,
  Simmerly & Jackson, PLLC
2100 - 116th Avenue, NE
Bellevue, WA  98004

/s/ Ethan M. Posner
Ethan M. Posner (admitted *pro hac vice*)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC  20004
(Tel) 202-662-6000
(Fax) 202-662-6291