UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* CHINYELU DUXBURY,<br><br>　　　　　　　　　　　Relator,<br><br>　　　v.<br><br>ORTHO BIOTECH PRODUCTS, L.P.,<br><br>　　　　　　　　　　　Defendant. | Civil No. 03-12189 (RWZ) |

**DEFENDANT'S REPLY ON THE PROPER SCOPE OF**
**RELATOR'S REMAINING KICKBACK CLAIMS**

Relator cannot re-litigate on remand the entire kickback count, because this Court's previous ruling limits its jurisdiction to "alleged kickbacks which occurred during [Mark Duxbury's] employment at OBP," *United States ex rel. Duxbury v. Ortho Biotech Prods., L.P.*, 551 F. Supp. 2d 100, 116 (D. Mass. 2008), and that ruling is law of the case. Relator's contrary argument rests upon two patently false propositions. First, she wrongly asserts that this Court and the First Circuit held that Duxbury was an original source for the entire kickback count. Opp. at 2-3, 7, 16-17. This Court clearly held, however, that because Duxbury "has no direct knowledge of OBP activities occurring after he was terminated," he was an original source for only a *subset* of that count—*i.e.*, for alleged kickback fraud occurring while he was employed by OBP from 1992 until mid-July 1998. *See Duxbury*, 551 F Supp. 2d at 109, 114, 116. Duxbury did not challenge that ruling on appeal, and the First Circuit did not reverse it. And in any event, that ruling is compelled by *Rockwell International Corp. v. United States*, 549 U.S. 457 (2007).

Second, Relator wrongly suggests that the First Circuit reversed the dismissal of the entire kickback count under Rule 9(b). Opp. at 3, 7-9, 17-18. This Court initially dismissed

under Rule 9(b) only Duxbury's 1992 to mid-July 1998 kickback allegations, because it had concluded that it lacked jurisdiction over the others. *See Duxbury*, 551 F. Supp. 2d at 116. The First Circuit thus had the dismissal of only those claims to reverse under Rule 9(b): "[W]e hold that the kickback claims attributable to Duxbury, from the years 1992 through 1998, satisfied Rule 9(b). . . . [W]e reverse the dismissal of *these claims*." *United States ex rel. Duxbury v. Ortho Biotech Prods., L.P.*, 579 F.3d 13, 32 (2009) (emphasis added).

The First Circuit's upholding subject-matter jurisdiction over *only* Mr. Duxbury's 1992 to mid-July 1998 kickback allegations and reversing *only* their dismissal under Rule 9(b) is "the law of the case and it *must* be followed by the trial court on remand." *United States v. Rivera-Martinez*, 931 F.2d 148, 150 (1st Cir. 1991) (internal quotation marks omitted). Under the law of the case and the six-year statute of limitations, *see* Opp. at 4 n.3 (conceding that statute of limitations limits recovery to no earlier than November 1997), the only claims remaining in this case are allegations for which Duxbury was an original source and that concern kickback fraud purportedly occurring between November 6, 1997, and his last day with OBP in mid-July 1998.

I. **The First Circuit Upheld Subject-Matter Jurisdiction Over Only Mr. Duxbury's Claims Of Kickback Fraud From 1992 To Mid-July 1998.**

Relator is mistaken in contending that the First Circuit affirmed that Mr. Duxbury was an original source for the entire kickback count, spanning the years "1992 to at least 2006." Opp. at 2. In fact, the rulings of both this Court and the First Circuit flatly contradict that assertion. This Court specifically held that Duxbury's original source status as to the kickback count *ended* when he left OBP in mid-July 1998, after which he lacked "direct knowledge of OBP activities": "Duxbury . . . qualifies as an original source *only* with regard to [his kickback] allegations concerning the 1992-1998 time period." *Duxbury*, 551 F. Supp. 2d at 109 (emphasis added) (citing *Rockwell*). Duxbury chose not to challenge this ruling—either by asking the Court to

reconsider it or by asking the First Circuit to reverse it.  Affirmed by the First Circuit, this Court's jurisdictional ruling is law of the case.  *See Rivera-Martinez*, 931 F.2d at 150-51 (noting only three exceptions to "law of the case," none of which is applicable here).

Relator also argues that this Court's jurisdictional ruling conflicts with *Rockwell*, but that argument, which could have been raised on appeal, is foreclosed by law of the case.  In any event, the Court's ruling was also perfectly consistent with *Rockwell*.  In *Rockwell*, the Supreme Court decided whether a relator was an original source for allegations of fraud during a particular period of time for which the jury had held the defendant liable.  *Rockwell*, 549 U.S. at 475.  The Court held that the relator was *not* an original source for those allegations, because the relator could not have had the direct and independent knowledge of an original source during the time period in question.  *Id.*  Among other things, the Court reasoned, the relator "was no longer employed by [defendant] Rockwell at the time," and so "of course, he did not know that Rockwell made false statements to the Government." *Id.*  This Court thus correctly relied on *Rockwell* in holding that it lacked jurisdiction over allegations of fraud occurring after Duxbury was terminated, because Duxbury's original source status ended when he was no longer in a position to have the direct and independent knowledge of an original source—*i.e.*, "after he was terminated in 1998," *Duxbury*, 551 F. Supp. 2d at 109 (citing *Rockwell*, 549 U.S. 457, 127 S. Ct. at 1409-10).[1]

---

[1] Relator attempts to distinguish her case from *Rockwell* on the ground that the alleged kickback scheme of which Duxbury had "direct and independent" knowledge simply continued after he left.  Duxbury's knowledge of the alleged scheme's continued existence after he left, however, would be no more "direct" than his knowledge of a different scheme launched after his departure.  Moreover, even if Relator's case were distinguishable, she could not establish that this Court's reliance on *Rockwell* was "clearly erroneous," much less works a "manifest injustice," as required to overcome law of the case.  *See Rivera-Martinez*, 931 F.2d at 151 (internal quotation marks omitted).

## II. The First Circuit Reversed Only The Rule 9(b) Dismissal Of Mr. Duxbury's Allegations Of Kickbacks From 1992 To Mid-July 1998.

Relator also wrongly suggests that the First Circuit reversed the dismissal of the entire kickback count under Rule 9(b). Opp. at 3, 7-9, 17-18. The First Circuit correctly limited its Rule 9(b) review to only those allegations that this Court had dismissed under Rule 9(b), *see Duxbury*, 579 F.3d at 32—*i.e.*, the kickback allegations over which this Court had held there was subject-matter jurisdiction, *see Duxbury*, 551 F. Supp. 2d at 109, 114, 116. In holding "that the kickback claims attributable to Duxbury, from the years 1992 through 1998, satisfied Rule 9(b)," the First Circuit reversed the dismissal of only "*these claims*." *Duxbury*, 579 F.3d at 32 (emphasis added).

## III. The Court Should Limit Discovery To Allegations In Paragraph 211 Of The Amended Complaint, As Described In OBP's Opening Brief.

The First Circuit's narrow Rule 9(b) reversal confirms that only those kickback allegations for which Duxbury was an original source and that pertain to his period of employment remain in the case. This Court thus must limit Relator's discovery to those allegations of kickbacks allegedly provided during the narrow period—November 6, 1997 through mid-July 1998—permitted by the statute of limitations, on the one hand, and the law of the case, on the other.

Moreover, this Court should reject Relator's request for nationwide discovery. As OBP explained in its opening brief, the First Circuit held that only the allegations in paragraph 211 of the Amended Complaint specifying particular healthcare providers in Washington state satisfied Rule 9(b). If this Court should hold nevertheless that the scope of litigation on remand extends beyond Washington state to cover allegations of a nationwide kickback fraud, initial discovery should still be limited to the paragraph 211 allegations and only to the extent that they concern

the November 6, 1997 through mid-July 1998 time period. If discovery does not bear out those allegations as to the healthcare providers in Washington that allegedly filed false claims, there will be no basis left for inferring, or litigating about, any alleged nationwide fraud involving unspecified providers during that time period.

## CONCLUSION

For the reasons set forth above and in OBP's opening brief, this Court should limit the scope of this case going forward to Duxbury's allegations, contained in paragraph 211 of the Amended Complaint, concerning kickback fraud purportedly occurring between November 6, 1997, and the date of his termination in mid-July 1998.

Respectfully submitted,

Dated: January 26, 2010        /s/ Ethan M. Posner
                               Ethan M. Posner (admitted *pro hac vice*)
                               Patrick S. Davies
                               Andrew W. Lamb
                               Anne Y. Lee (BBO # 667381)
                               COVINGTON & BURLING LLP
                               1201 Pennsylvania Avenue, NW
                               Washington, DC  20004
                               (Tel) (202) 662-6000
                               (Fax) (202) 662-6291

*Attorneys for Defendant Ortho Biotech Products, L.P.*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of Defendant's Reply On The Proper Scope Of Relator's Remaining Kickback Claims, above, was served upon the following attorneys by Electronic Case Filing and/or by First Class Mail on January 26, 2010:

| | |
|---|---|
| Sara Miron Bloom<br>U.S. Attorney's Office<br>District of Massachusetts<br>1 Courthouse Way<br>Suite 9200<br>Boston, MA  02210 | Kathleen C. Chavez<br>The Chavez Law Firm, P.C.<br>416 S. Second Street<br>Geneva, IL  60134 |
| Jamie Yavelberg<br>United States Department of Justice<br>601 D Street, N.W.<br>Patrick Henry Building<br>Washington, DC  20004 | Robert M. Foote<br>Foote, Meyers, Mielke & Flowers, LLC<br>416 S. Second Street<br>Geneva, IL  60134 |
| Jan R. Schlichtmann<br>Jan Richard Schlichtmann Atty At Law PC<br>P.O. Box 233<br>Prides Crossing, MA  01965 | Paul E. Simmerly<br>Herman, Recor, Araki, Kaufman,<br>   Simmerly & Jackson, PLLC<br>2100 - 116th Avenue, NE<br>Bellevue, WA  98004 |

      /s/ Ethan M. Posner
      Ethan M. Posner (admitted *pro hac vice*)
      COVINGTON & BURLING LLP
      1201 Pennsylvania Avenue, NW
      Washington, DC  20004
      (Tel) 202-662-6000
      (Fax) 202-662-6291