UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12189-RWZ

UNITED STATES OF AMERICA ex rel.
MARK EUGENE DUXBURY and DEAN McCLELLAN

v.

ORTHO BIOTECH PRODUCTS, L.P.

MEMORANDUM OF DECISION

September 27, 2010

ZOBEL, D.J.

Mark Duxbury ("Duxbury")[1] and Dean McClellan ("McClellan") (collectively, "Relators") filed this action as relators against defendant Ortho Biotech Products, L.P. ("OBP") under the qui tam provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3730.

Defendant previously filed a motion to dismiss which this court granted in its entirety. As described below, the First Circuit affirmed in part and reversed in part and remanded one claim. Defendant now seeks to limit the remaining claim, both in time and scope. For the reasons discussed below, defendant's motion is allowed.

I. **Factual and Procedural Background**

The case has a significant procedural history, and I shall assume familiarity with it. A brief outline of the relevant background follows.

---

[1] Duxbury died on October 13, 1999, and the administrator of his estate, Chinyelu Duxbury, has been substituted as the relator. See Docket Entry dated December 10, 2009. I will continue to refer to the relator as Duxbury.

Relator Duxbury was employed by OBP from 1992 to 1998, beginning as a Product Specialist and eventually becoming a Regional Key Account Specialist for OBP's Western Division Oncology sales force. In his position, Duxbury was "responsible for the promotion and sale of [OBP's drug Procrit®] for Defendant in the Western United States." (Am. Compl. ¶ 17.)

The amended complaint alleged three separate violations of the FCA. The only claim that has survived is Count I. In that count, Relators allege that beginning in 1992, OBP undertook a scheme to give kickbacks to providers and hospitals to induce them to prescribe Procrit, which resulted in providers and hospitals submitting false claims to Medicare. The kickbacks allegedly included free samples, off-invoice discounts, rebates, consulting fees, educational grants, payments to participate in studies or trials and advisory board honoraria. (Am. Compl. ¶ 228.)

Defendant moved to dismiss on several grounds, which motion this court allowed in its entirety in an order dated January 28, 2008. (Docket # 80.) With respect to the kickback claim (Count I), the court held that plaintiff McClellan did not qualify as an "original source" but that relator Duxbury does so qualify with respect to allegations concerning the 1992-1998 time period only. This court reasoned:

> [Duxbury's] direct knowledge of OBP's activities only extends to the time he was employed by the company. He has no direct knowledge of OBP activities occurring after he was terminated in 1998. <u>Therefore, he qualified as an original source only with regard to allegations concerning the 1992-1998 time period</u>.

<u>United States ex rel. Duxbury v. Ortho Biotech Products</u>, 551 F. Supp.2d 100, 109 (D. Mass. 2008) (citing <u>Rockwell</u>, 127 S. Ct. at 1409-1410) (emphasis added).

Thus, the court has subject matter jurisdiction over Duxbury's claims, but not over McClellan's.  Nonetheless, this court concluded that the allegations lacked the particularity required under Rule 9(b) and therefore dismissed Count I.  For separate reasons, the court also dismissed Counts II and III with prejudice, as the complaint had already been amended once as a matter of right.

On appeal, the First Circuit affirmed the dismissal of Counts II and III.  With respect to the kickback claim (Count I), it affirmed this court's conclusion that McClellan was not, but that Duxbury was, an original source with respect to the period of his employ (1992-1998), but reversed the ruling that the complaint failed to comply with Rule 9(b):

> [] we hold that the kickback claims attributable to Duxbury, from the years 1992 through 1998, satisfied Rule 9(b).  As the district court has jurisdiction over these claims since Duxbury established himself as an "original source," we reverse the dismissal of these claims.

<u>United States ex rel. Duxbury v. Ortho Biotech Products</u>, 579 F.3d 13, 32 (1st Cir. 2009).  The matter lingered for another year in the Supreme Court.

**II.     Pending Motion to Limit Scope of the Remaining Kickback Claims on Remand (Docket # 93)**

On remand, defendant seeks an order limiting Duxbury's kickback claim temporally to an eight-month time period (from November 6, 1997 through July 20, 1998) and geographically to include only the region with respect to which Duxbury had direct and independent knowledge.  Duxbury contends that he may bring claims from November 6, 1997 through November 6, 2003, and that because he alleged a

nationwide scheme, he is entitled to conduct nationwide discovery.

### A.    Time Limitation

It is the law of the case that Duxbury qualifies as an original source only as to the period of his employment when he had direct knowledge of the underlying events giving rise to the claim at issue.  See Duxbury, 551 F. Supp.2d 100, 109, aff'd 579 F.3d 13, 32 (1st Cir. Aug. 13. 2009), cert. denied, 130 S.Ct. 3454 (June 21, 2010).  The question, then, is whether he may bring a claim only for the period for which he qualifies as an original source, or whether, once he has so qualified, he may bring claims for the entirety of the claims period.

First, under 31 U.S.C. § 3731(b)(1), a False Claims Act action brought by a relator must be filed within six years after the date the defendant committed the violation.  Second, the parties agree that the claim period commences on November 6, 1997, six years before the filing of the original complaint.  Thus, the actionable period stretches from November 6, 1997 through November 6, 2003.

Under defendant's theory, Duxbury is limited to the time he was an "original source" within the meaning of the FCA — that is, during the time he was employed by OBP, November 6, 1997 through July 20, 1998.  His claims would thus be limited to that same period.

OBP relies on the First Circuit's holding that because the kickback claim was the subject of a prior public disclosure, Duxbury was an original source only as to a certain portion of the claim.  It points to language in the decision that Duxbury qualified as an original source only with regard to allegations concerning the 1992-1998 time period.

See Duxbury, 551 F. Supp.2d 100, 109.  Therefore, argues OBP, the law of the case is that Duxbury cannot pursue any part of the kickback claim with respect to which he does not qualify as an original source because this court simply does not have subject matter jurisdiction over such claims.

Duxbury objects that original source jurisdiction depends not on an original source's direct knowledge of every aspect of a scheme, but only the "essential facts" of the scheme.  Once a relator discloses the essential facts of that scheme, he may recover, regardless of when he was terminated or when he ceases to qualify as an original source.

This appears to be an issue of first impression.  Nothing in the statute itself directly addresses the question.  The question is whether as an original source for a discrete time period, he can recover for events that occurred after his termination — and presumably, with respect to which he lacks direct knowledge.  Based on the Court of Appeals opinion and the statute, I conclude that a relator cannot recover for such claims.  While the statute is mute on the precise question, it contemplates a relator recovering only when that relator has direct knowledge of the events in question:

> For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

31 U.S.C. § 3730(e)(4).

It is during that period that the relator qualifies as an original source.  Limiting the relator's claims to the time period he was employed limits his recovery to the time

5

period he had direct knowledge of wrongdoing. Because the statute only grants the court subject matter jurisdiction over claims during that time period, this court lacks jurisdiction over claims after July 20, 1998.

### B. Geographic Limitation

The final issue is the scope of discovery. Duxbury asserts that the scope of the kickback claims is nationwide, and thus he is entitled to nationwide discovery. See Am. Compl. ¶ 218. But, here again, since Duxbury is an original source only with respect to claims about which he had direct knowledge, this court lacks jurisdiction over any other claims. He was a Territory Manager for defendant's Western Division Oncology sales force and, as such, had direct and independent knowledge of a number of accounts throughout that region. Accordingly, he is limited to discovery pertaining to that region.

## III. Conclusion

Defendant's motion to limit the scope of the kickback claim (Docket # 93) to the period November 6, 1997 through July 20, 1998, and to the region for which Duxbury had direct and independent knowledge is ALLOWED.

|  |  |
|---|---|
| September 27, 2010 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |