IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>ex rel. CHINYELU DUXBURY | )<br>)<br>) | |
| Relator, | )<br>) | |
| v. | )<br>) | Case No. 03-cv-12189-RWZ |
| ORTH BIOTECH PRODUCTS, L.P., | )<br>) | Judge Rya W. Zobel |
| Defendant. | )<br>)<br>) | |

**RELATOR'S REQUEST THAT THE COURT AMEND ITS 9-27-10 ORDER
GRANTING PERMISSION FOR APPEAL**

Relator requests, pursuant to 28 USC §1292(b) and FRAP Rule 5, the Court amend its 9-27-10 Decision in order to grant Relator permission to appeal the Court's ruling and stating that the necessary conditions are met for taking such an appeal. The Request is based on the fact that Relator has concluded, after extensive discussions with counsel for Ortho as to their position regarding the effect of the Court's decision on Relator's claims, that the Court's 9-27-10 Decision in its present form and as it is likely to be corrected, so restricts the Court's subject matter jurisdiction over Relator's claims as to render the claims non-viable. It is Relator's position that the interest in the fair and efficient administration of justice is best advanced by the Court referring this "issue of first impression" to the First Circuit for resolution. The grounds of this Request are more detailed as follows:

1.      In its 9-27-10 Decision, the Court ruled, on what it believed to be an "issue of first impression," that it only had subject matter jurisdiction over the false claims that resulted from the nationwide scheme to induce fraudulent Medicare reimbursement for Procrit to the time

period and the accounts that Relator Duxbury had "direct and independent knowledge." 9-27-10 Decision p.5-6.  3.  The Court stated that "Duxbury is an original source only with respect to [false] claims about which he had direct knowledge" and that "this court lacks jurisdiction over any other [false] claims." See, 9-27-10 Decision p. 5-6.  For that reason, the Court ruled that recovery of such false claims is "[l]imited … to the time period [Duxbury] was employed" and to the accounts of which he "had direct and independent knowledge."  Id. at 5-6.

2.	Based on the fact that Duxbury's employment only encompassed the first eight months (November 6, 1997 to July 20, 1998) of the 6 year look back period from the November 6, 2003 filing of the Complaint, the Court ruled that it did not have subject matter jurisdiction over the time period or accounts beyond the termination of Duxbury's employment July 20 1998.  Id. at 5.

3.	The Court's 9-27-10 Decision, incorrectly described Relator Duxbury as "Territory Manager for defendant's Western Division Oncology sales force and, as such, had direct and independent knowledge of a number of accounts throughout that region."  The Court therefore in applying its ruling based on this incorrect assumption, ruled Relator was "limited to discovery pertaining to that region." Id. at 6.

4.	In fact, the Amended Complaint alleges that Relator Duxbury was a "Regional Key Account Specialist for Defendant's Western Division Oncology sales force" and that Dean McClellan was a "Territory Manager for defendant's Western Division oncology sales force."  It is also true that of the eight accounts detailed in his Amended Complaint, three concerned time periods before November, 1997.

5.	In light of the incorrect assumption that Duxbury was a Western Division "Territory Manager" and the limitations that the Court has imposed on its jurisdiction, Relator anticipates

that the Court will further limit Relator's ability to recover the false claims resulting from the alleged fraudulent scheme to promote Procrit to: the false reimbursement claims paid to the five Duxbury accounts from November 6, 1997 to July 20, 1998.

6. The result of the Court's decision, therefore, when the fact that Duxbury's limited position as "account specialist" is taken into account, is to severely restrict the potential recovery of false claims from thousands of false claims over the multi-year period of the scheme which exceed hundreds of millions of dollars of taxpayer money to a few accounts during a limited period of the scheme.

7. Relator after extensive discussion with counsel for Ortho regarding Ortho's position concerning the effect of the Court's 9-27-10 Decision and the fact that Relator assumes that the Court will restrict the recoverable accounts to just the five accounts during the limited employment period, has come to the conclusion that the recoverable false claims that the Court has ruled it has subject matter jurisdiction over has been reduced to a level that does not justify the amount of time, effort, expense, and judicial resources that will have to be spent attempting to recover them.

8. As detailed in Relator's 1-18-10 Opposition, it is Relator's position that the rulings of this Court and the 1st Circuit that Relator qualified as an "original source" means: Relator's "direct and independent knowledge" of the "*essential facts*" of Ortho's nationwide multi-year "Kickback scheme" obtained during the period of Relator's employment qualified Relator to be the "original source" of the *entire* scheme, including that part of the scheme that continued after Relator's employment ended and encompassed all of the accounts, in all regions, in which false claims were paid during that period. Once Relator qualified as an "original source" of this complex "*scheme*" of long duration and satisfied the Rule 9(b) requirement of pleading

"representative examples" of the "*nationwide scheme*", the statute and the Rules did not impose on Relator any additional requirement. It is Relator's position that Relator does not have to demonstrate "direct knowledge" of all of the activities of the "*scheme*" or all the "*false claims*" resulting from the "*scheme*" in order to pursue discovery. Once Relator qualified as an "original source" of this complex scheme of long duration, Relator was empowered to pursue the geographic and temporal reach of the "*scheme*" in order to recover all of the "*false claims*" within the statute of limitations that were wrongfully induced by it. Relator, in his 1-18-10 Opposition, detailed the reasons why such a position is in keeping with: the clear words, purpose and intent of the false claims statute, 31 USC §3730; the Supreme Court's ruling in *Rockwell International Corp. v. United States*, 549 U.S. 457 (2007); the 1st Circuit ruling in *US ex rel Duxbury v. Ortho Biotech Products, LP,* 579 F.3d 13, 30 (1st Cir. 2009); this Court's ruling in *US ex rel. Duxbury v. Ortho Biotech Products LP*, 551 F. Supp 2d 100, 104 (USDC DMa 2007) and the precedents set in other jurisdictions. [1]

9.      Because of the non-viable nature of the severe restrictions that will now be imposed as a result of the Court's 9-27-10 ruling regarding its lack of subject matter jurisdiction and Relator's position that the Court's decision is not in keeping with the clear words, intent and purpose of the statute and Supreme Court and 1st Circuit precedent, it is Relator's position that the interest in the fair and efficient administration of justice is best advanced by the Court referring this "issue of first impression" to the First Circuit for resolution.

---

[1] See, *US ex rel Walker v. R&F Properties of Lake County*, 433 F.3d 1349, 1359 (11th Cir. 2005)( If the Amended Complaint "alleges an ongoing practice of false" claim submission that is "not limit[ed] … to the time period during which [Relator] was employed by [Defendant]" then the "proper temporal range for discovery is" the dates alleged in the Complaint since the "United States is the real party in interest in a qui tam action under the FCA even if it is not controlling the litigation").

10.     28 USC §1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable …, shall be of the opinion that such an order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 USC §1292(b). Rule 5 of the Federal Rules of Appellate Procedure provides:

> Rule 5. Appeal By Permission
> …
> (3) If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement. …

FRAP Rule 5.

For these reasons, Relator respectfully requests that the Court, amend its 9-27-10 Decision to grant Relator permission to appeal the Court's 9-27-10 ruling and stating that the necessary conditions are met for taking such an appeal.

Dated:  December 30, 2010

Respectfully submitted by counsel for Relator:

/s/ Jan Schlichtmann
Jan R. Schlichtmann, Esq.
PO Box 233
Prides Crossing, MA 01965
978-927-1037
BBO #445900
Email: jan@schlichtmannlaw.com

/s/ Robert Foote
Robert Foote, Esq.
Foote Meyers Mielke
& Flowers, LLC
416 S. Second St.
Geneva, IL 60134
630-232-6333
IL Bar No. 03124325

/s/ Kathleen Chavez
Kathleen Chavez, Esq.
Chavez Law Firm, PC
416 S. Second St.
Geneva, IL 60134
630-232-4480
IL Bar No. 06255735

/s/ Dale Aschemann
Dale J. Aschemann, #6269347
Aschemann Keller LLC
300 North Monroe Street
Marion, Illinois 62959-2326
Telephone:  (618) 998-9988
Facsimile:  (618) 993-2565

/s/ Paul Simmerly
Paul Simmerly, Esq WA Bar No. 10719
Herman Recor Araki Kaufman
Simmerly & Jackson, PLLC
2100-116[th] Ave. NE
Bellevue, WA 98004
425-451-1400

## CERTIFICATE OF ELECTRONIC SERVICE

This is to certify that on the 30th day of December, 2010 the above document was served on Ortho and the United States by electronic service.

/s/

Jan R. Schlichtmann
Attorney for Relator