# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* CHINYELU DUXBURY,<br><br>　　　　　　　　　　Relator,<br><br>v.<br><br>ORTHO BIOTECH PRODUCTS, L.P.,<br><br>　　　　　　　　　　Defendant. | Civil No. 03-12189 (RWZ) |

### DEFENDANT'S OPPOSITION TO RELATOR'S REQUEST FOR PERMISSION TO PURSUE AN INTERLOCUTORY APPEAL OF THE COURT'S ORDER ON THE SCOPE OF THE REMAND

Defendant Ortho Biotech Products, L.P. ("OBP") respectfully submits this opposition to Relator's request for permission to pursue an interlocutory appeal of this Court's decision on the scope of the remand.  On September 27, 2010, this Court ruled that its jurisdiction over the lone remaining kickback count is limited (1) in time to the period of November 6, 1997, through July 20, 1998, and (2) in geographic scope to "claims about which [Relator Mark Duxbury ("Duxbury")] had direct knowledge."  Mem. of Decision at 6 (Sept. 27, 2010).  Correctly acknowledging that this Court's ruling effectively limits Relator to pursuing claims relating to the five accounts for which Duxbury was an original source and which are not barred by the statute of limitations, Relator now seeks permission—more than three months after this Court's decision—to pursue an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  *See* Relator's Request That The Court Amend Its 9-27-10 Order Granting Permission for Appeal ("Relator's Request") at 1.  Instead of explaining why her request satisfies the statutory criteria for obtaining a Section 1292(b) certification, however, Relator merely asserts that the amount of damages she

could potentially recover based on what remains of her case "does not justify the amount of time, effort, expense, and judicial resources that will have to be spent." *Id*. at 3 ¶ 7. That assertion provides no legal basis for this Court to grant permission to pursue an interlocutory appeal. Rather, Relator must show that this Court's order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Relator has made no such showing. Therefore, this Court must reject Relator's request.

## ARGUMENT

### RELATOR'S REQUEST FOR PERMISSION TO PURSUE AN INTERLOCUTORY APPEAL SHOULD BE DENIED BECAUSE SHE HAS NOT ESTABLISHED ANY OF THE STATUTORY CRITERIA.

Citing concern that this Court's September 27, 2010 Order on the scope of the remand will limit her potential recovery to the point that litigating the case is not worthwhile, *see* Relator's Request at 3 ¶ 7, Relator asks this Court to take the extraordinary step of certifying its Order for interlocutory appeal. Relator's concern, however, provides no valid basis for invoking a procedure that "should be used sparingly and only in exceptional circumstances," *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005) (vacating order that had permitted interlocutory appeal as improvidently granted); *see also McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy."); *id.* at 1256 ("'[T]he appeal from interlocutory orders . . . should and will be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation.'") (quoting *Hearings on H.R. 6238 and H.R. 7260 Before Subcomm. No. 3 of the House Comm. on the Judiciary*, 85th Cong., 2d Sess., 1958 U.S.C.C.A.N. 5255, 5260 (1958)). Because Relator has failed to establish that this Court's Order decided "a controlling question of law as to which there

is substantial ground for difference of opinion," and that an interlocutory appeal "may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), this Court must deny her request.

I.    **This Court's September 27, 2010 Order Does Not Involve A Controlling Question Of Law As To Which There Is Substantial Ground For Difference Of Opinion.**

First, Relator cannot pursue an interlocutory appeal of this Court's September 27, 2010 Order because she has failed to demonstrate that it involves "a controlling question of law." 28 U.S.C. § 1292(b). To be sure, whether this Court's jurisdiction is limited to the kickback allegations of which Duxbury had direct and independent knowledge is a "question of law." Relator does not explain, however, why that legal question is "controlling." *See* 16 Charles Alan Wright et al., *Federal Practice & Procedure* § 3930 (2d ed.) ("A steadily growing number of decisions . . . have accepted the better view that a question is controlling . . . if interlocutory reversal might save time for the district court, and time and expense for the litigants.") (citing cases). As we explain in Part II below, an interlocutory appeal and reversal at this juncture would only frustrate the efficient conduct of this litigation, because this Court's ruling, by limiting its jurisdiction to the accounts of which Duxbury had direct and independent knowledge, will streamline the discovery process and thereby reduce the burdens on the parties and the Court. Thus, to the extent a question of law is "controlling" only if its resolution in a manner contrary to the district court's decision would expedite the litigation, Relator cannot establish the first criterion necessary for interlocutory appeal.

Second, even assuming that a question of law can be "controlling" if reversal would expand and prolong the litigation, Relator cannot establish that "there is substantial ground for difference of opinion" on this Court's resolution of the question. This Court correctly ruled that because it may exercise jurisdiction only to the extent Duxbury was an original source, its

jurisdiction is limited to kickback allegations of which Duxbury had direct and independent knowledge. Mem. of Decision at 5-6.

In requesting permission to pursue an interlocutory appeal, Relator repeats her position that Duxbury was an original source not merely for the time period he was employed by OBP but rather for the duration of the entire alleged fraudulent scheme because he had direct and independent knowledge of the "essential facts" of that scheme. Relator's Request at 3-4 ¶ 8. Relator continues to rely (*id.* at 4 ¶ 8) on the Supreme Court's ruling in *Rockwell International Corp. v. United States*, 549 U.S. 457 (2007), and the First Circuit's decision in this case, as support for her position.[1] Those decisions support this Court's ruling, however, and certainly provide no basis to conclude that there is "substantial ground" for Relator's position.

In *Rockwell*, the Supreme Court ruled that the relator was *not* an original source for allegations of a fraud that occurred when he "was no longer employed by [defendant]." 549 U.S. at 475. This Court thus correctly relied on *Rockwell* in holding that it lacked jurisdiction over allegations of fraud occurring after Duxbury was terminated in July 1998, because Duxbury's original-source status ended when he was no longer in a position to have the direct and independent knowledge of an original source. *See United States ex rel. Duxbury v. Ortho Biotech Prods., L.P.*, 551 F. Supp. 2d 100, 109 (D. Mass. 2008) (citing *Rockwell*). In short, nothing in *Rockwell* supports Relator's position here that Duxbury was an original source with respect to alleged fraudulent activity after he left OBP's employ.

---

[1] Relator in a footnote also cites an out-of-Circuit decision, *United States ex rel. Walker v. R&F Properties of Lake County*, 433 F.3d 1349 (11th Cir. 2005), where the court permitted discovery beyond the time period the relator was employed by the defendant. But that case did not implicate the question presented here, where this Court's jurisdiction is dependent on, and thus limited by, Duxbury's status as an original source.

Relator's reliance on the First Circuit's decision in this case is equally unavailing. The First Circuit did not question, much less reverse, this Court's ruling that its jurisdiction did not extend beyond Duxbury's period of employment. To the contrary, in the course of reversing this Court's ruling that Relator's kickback allegations did not satisfy Federal Rule of Civil Procedure 9(b), the First Circuit *affirmed* that "the district court has jurisdiction over these claims [from the years 1992 through 1998] since Duxbury established himself as an 'original source.'" *United States ex rel. Duxbury v. Ortho Biotech Prods., L.P.*, 579 F.3d 13, 32 (1st Cir. 2009). The First Circuit thus made clear that it was not disturbing this Court's ruling confining its jurisdiction (and Relator's kickback claim) to Duxbury's period of employment.

In light of the First Circuit's decision, this Court correctly noted that "[i]t is law of the case that Duxbury qualifies as an original source only as to the period of employment when he had direct knowledge of the underlying events giving rise to the claim at issue." Mem. of Decision at 4. Although OBP believes that it is also law of the case that this Court's jurisdiction is limited to that time period, this Court did note in its September 27, 2010 Order that whether it could exercise jurisdiction over false claims that were allegedly submitted after Duxbury left OBP's employ was an "issue of first impression." Mem. of Decision at 5. Relator relies on that observation as a basis for her request for permission to file an interlocutory appeal, *see* Relator's Request at 1 ¶ 1, 4 ¶ 9, but even assuming that the scope of this Court's jurisdiction is an issue of first impression and not law of the case, that does not establish a "substantial ground for difference of opinion" on the issue, which is what the statute requires. *See Max Daetwyler Corp. v. R. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983) (Pollak, J.) ("[T]he mere fact that the appeal would present a question of first impression is not, of itself, sufficient to show that the question is one on which there is a substantial ground for difference of opinion."). Because Relator points

to nothing in the statute or the cases interpreting the statute to support her position, and because this Court's September 27, 2010 Order reflects a straightforward application of *Rockwell* and the First Circuit's decision in this case, she has failed to establish a "substantial ground for difference of opinion" on whether this Court may exercise jurisdiction over allegations and claims of which Duxbury lacks direct and independent knowledge.

## II. An Immediate Appeal Of This Court's September 27, 2010 Order Would Not Materially Advance The Ultimate Termination Of The Litigation.

Even if Relator could establish that this Court's September 27, 2010 Order involves a controlling question of law as to which there is substantial ground for difference of opinion, this Court still must reject her request to pursue an interlocutory appeal because she cannot establish that such an appeal "may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), which is the key rationale for permitting a departure from the final judgment rule. *See Federal Practice & Procedure* § 3930 ("[Section] 1292(b) is designed to permit interlocutory appeals only for the purpose of minimizing the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings."). Far from materially advancing the resolution of this lawsuit, an interlocutory appeal of this Court's September 27, 2010 Order would have precisely the opposite effect.

First, an appeal now would substantially delay the progress of the lawsuit, which Relator filed in November 2003, more than seven years ago. In light of the time it took Relator to pursue her initial appeal—the First Circuit did not issue its opinion until more than a year and a half after this Court dismissed Relator's claims—an appeal now would mean that, regardless of how the appeal were resolved, discovery likely would not begin until the fall of 2012, nine years after the lawsuit was filed.

Second, and even more importantly, a reversal of this Court's Order would not materially advance the termination of the litigation. This Court's Order restricting the scope of the remand to the accounts of which Duxbury had direct and independent knowledge not only is correct as a matter of law but also has the virtue of facilitating an efficient resolution of this dispute. If Relator cannot establish a genuine dispute of material fact with respect to whether false claims were submitted for the five accounts of which Duxbury allegedly had direct and independent knowledge, then the question whether Relator has the right to pursue additional accounts and claims of which Duxbury lacked the requisite knowledge, on the theory that he knew the "essential facts" of the alleged scheme, *see* Relator's Request at 3 ¶ 8, will be moot. *See Heddendorf v. Goldfine*, 263 F.2d 887, 889 (1st Cir. 1959) (observing that the court must be mindful of policy against piecemeal appeals when "weigh[ing] the asserted need for the proposed interlocutory appeal" because "even greater hardships and tremendous additional burdens on the courts and litigants . . . would follow from allowing appeals from interlocutory orders on issues that might later become moot"); *see also Federal Practice & Procedure* § 3930 ("Immediate appeal may be found inappropriate if there is a good prospect that the certified question may be mooted by further proceedings."). The efficient conduct of the litigation is undoubtedly served by having this case proceed now based on the five accounts of which Duxbury allegedly had direct and independent knowledge. *Cf. United States ex rel. Rost v. Pfizer, Inc.*, No. 03-11084, 2010 WL 3554719, at *1 & n.1 (D. Mass. Sept. 14, 2010) (granting summary judgment for the defendant after limiting discovery to a discrete geographic region).

An interlocutory appeal of this Court's September 27, 2010 Order thus not only is unwarranted, but would directly contradict the policies embodied in Section 1292(b), which authorizes the procedure only in "exceptional circumstances," *Caraballo-Seda*, 395 F.3d at 9,

when resolution of a controlling legal question "would serve to avoid a trial or otherwise substantially shorten the litigation," *McFarlin*, 381 F.3d at 1259.  *See also Federal Practice and Procedure* § 3930 (citing factors that militate against interlocutory appeal, including that "lengthy appellate consideration will be required"; "the order will be affirmed"; "continued district court proceedings . . . might moot the issue"; and "the parties will not be relieved of any significant burden by reversal").

## CONCLUSION

For the reasons set forth above, Relator's request for permission to pursue an interlocutory appeal of this Court's September 27, 2010 Order should be denied.

Respectfully submitted,

Dated:  January 13, 2011                    /s/ Ethan M. Posner
Ethan M. Posner (admitted *pro hac vice*)
Patrick S. Davies
Jonathan L. Marcus
Anne Y. Lee (BBO # 667381)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC  20004
(Tel) (202) 662-6000
(Fax) (202) 662-6291

*Attorneys for Defendant Ortho Biotech Products, L.P.*

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of Defendant's Opposition to Relator's Request for Permission to Pursue an Interlocutory Appeal of the Court's Order on the Scope of the Remand, above, was served upon the following attorneys by Electronic Case Filing and/or by First Class Mail on January 13, 2011:

| | |
|---|---|
| Sara Miron Bloom<br>U.S. Attorney's Office<br>District of Massachusetts<br>1 Courthouse Way<br>Suite 9200<br>Boston, MA  02210 | Kathleen C. Chavez<br>The Chavez Law Firm, P.C.<br>416 S. Second Street<br>Geneva, IL  60134 |
| Jamie Yavelberg<br>United States Department of Justice<br>601 D Street, N.W.<br>Patrick Henry Building<br>Washington, DC  20004 | Robert M. Foote<br>Foote, Meyers, Mielke & Flowers, LLC<br>416 S. Second Street<br>Geneva, IL  60134 |
| Jan R. Schlichtmann<br>Jan Richard Schlichtmann Atty At Law PC<br>P.O. Box 233<br>Prides Crossing, MA  01965 | Paul E. Simmerly<br>Herman, Recor, Araki, Kaufman,<br>   Simmerly & Jackson, PLLC<br>2100 - 116th Avenue, NE<br>Bellevue, WA  98004 |

          /s/ Ethan M. Posner
          Ethan M. Posner (admitted *pro hac vice*)
          COVINGTON & BURLING LLP
          1201 Pennsylvania Avenue, NW
          Washington, DC  20004
          (Tel) 202-662-6000
          (Fax) 202-662-6291