**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* CHINYELU DUXBURY, | |
| Relator, | Civil No. 03-12189 (RWZ) |
| v. | The Honorable Rya W. Zobel |
| ORTHO BIOTECH PRODUCTS, L.P., | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

This is essentially an uncontested motion for summary judgment. As explained below, the sole remaining Relator in this case, Chinyelu Duxbury ("Duxbury"), has stipulated that she does not possess any "evidence to support [her] remaining allegations." (Def.'s Statement of Undisputed Facts ("SUF") ¶ 12.) Duxbury has further stipulated that she does not have any evidence that even "could be considered a 'kickback' made to the accounts serviced by Mark Duxbury [from] November 6, 1997 to July 20, 1998[,]" which is the only slice of this case that remains. (SUF ¶¶ 5-6, 12.) Under well-settled law, for Duxbury to survive a motion for summary judgment, she must present "sufficient evidence favoring [her position] for a jury to return a verdict for [her]," and she "may not rest on mere allegations or denials of [her] pleading." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 249-50, 256 (1986). Because Duxbury has stipulated that she does not have and will not present any evidence to support her remaining allegations, Duxbury cannot meet this standard. (*See* SUF ¶¶ 12-15.) The Court should accordingly enter summary judgment in favor of Ortho Biotech Products, L.P. ("OBP") on the few remaining claims left in this case, which has been pending since 2003.

## PROCEDURAL SUMMARY AND THE PARTIES' STIPULATION

This is a False Claims Act ("FCA") case concerning OBP's promotion and sale of Procrit, a drug approved by the FDA for treating anemia and other conditions. On January 28, 2008, this Court dismissed all three counts in the First Amended Complaint in their entirety. (SUF ¶ 1.) On August 12, 2009, the U.S. Court of Appeals for the First Circuit largely affirmed this Court's decision, but also ruled that Duxbury had pled a narrow slice of claims relating to Count I with sufficient particularity under Fed. R. Civ. P. 9(b). (*Id.* ¶ 2.) Count I generally alleges that OBP engaged in a scheme to give "kickbacks to providers and hospitals to induce them to prescribe Procrit." (*Id.* ¶ 3.) According to Duxbury's generalized allegations in the Complaint, "Defendant's kickbacks caused providers and hospitals to submit false claims for payment to Medicare for Procrit," and "by giving off-invoice discounts to Providers and hospitals that resulted in actual invoices to be false, Defendant used a false record or statement to get a false claim paid by the Government." (*Id.*)

On September 27, 2010, following briefing by both parties, this Court entered an Order defining the precise scope of Duxbury's surviving Count I claims ("September 27 Order"). (*Id.* ¶ 5; Dkts. 93, 95, 96.) Specifically, this Court ruled that Duxbury is limited to only those Count I claims that (i) arose during the period from November 6, 1997 to July 20, 1998 and (ii) involved provider accounts about which Mark Duxbury[1] had "direct and independent knowledge." (SUF ¶ 5.) In addition, the Court ruled that Duxbury is also "limited to discovery pertaining" only to such accounts. (*Id.*) On December 30, 2010, Duxbury moved for leave to

---

[1] Mark Duxbury was the original Relator in this case. After he passed away, the administrator of his estate, Chinyelu Duxbury, was substituted as Relator (SUF ¶ 4.)

appeal this Court's September 27 Order.  (Dkt. 107.)  The Court denied Duxbury's motion on February 3, 2011.  (SUF ¶ 7.)

Several months later, Duxbury contacted OBP to discuss moving forward on the remaining claims.  The parties agreed that, of the eight accounts described in the First Amended Complaint for which Mark Duxbury had "direct and personal knowledge," only five involved allegations falling within the timeframe specified in the Court's September 27 Order:  St. Joseph's Hospital in Tacoma, Washington; Rainier Oncology of Puyallup, Washington; Western Washington Cancer Treatment Center in Olympia, Washington; Memorial Clinic in Olympia, Washington; and Memorial Clinical Oncology Group in Washington.  (*Id.* ¶ 6.)

OBP subsequently filed an Answer denying the merits of Duxbury's few remaining allegations, and, on June 13, 2011, the parties filed a Rule 16.1(d) Joint Statement ("Joint Statement") setting forth their agreement on the scope and timing of discovery and the filing of dispositive motions.  (*Id.* ¶¶ 8-10.)  Consistent with the Court's September 27 Order, the parties agreed to limit discovery of Duxbury's Count I claims from November 6, 1997 to July 20, 1998, and to the five accounts mentioned above.  (*Id.* ¶ 9.)  The parties further agreed that discovery would conclude by October 15, 2011.  (*Id.* ¶ 10.)  The Court endorsed the Joint Statement in its entirety on June 22, 2011.  (*Id.* ¶ 11.)

Both parties thereafter served interrogatories and requests for production of documents.  Duxbury did not provide any documents or written responses to OBP's discovery requests.  At the conclusion of the discovery period, Duxbury informed OBP that she is unable to identify and does not possess any documents, witness testimony or other "evidence to support [her] remaining allegations."  (*Id.* ¶ 12.)  Specifically, Duxbury has stipulated that she has no evidence of "a specific payment that could be considered a 'kickback' made to the accounts

3

serviced by Mark Duxbury (the five accounts mentioned above) during [the] November 6, 1997 to July 20, 1998" time period. (*Id.*)  Furthermore, Duxbury does not dispute that she has had sufficient opportunity to obtain such evidence. (*Id.* ¶ 13)  Finally, and in light of these acknowledgements, the parties have expressly agreed that "neither Defendant's summary judgment motion, nor Relator's opposition thereto, will attach any documents, witness testimony, or any other admissible evidence beyond the [parties'] Stipulation" attached to Defendant's Statement of Undisputed Facts. (*Id.* ¶¶ 14, 15.)

## ARGUMENT

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party can succeed on a motion for summary judgment by demonstrating that "there is an absence of evidence to support the nonmoving party's position." *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990); *see also* Fed. R. Civ. P. 56(c)(1)(B).  Where a party has made such a showing, "[t]he nonmoving party must establish that there is 'sufficient evidence favoring [its position] for a jury to return a verdict [in its favor].'" *United States ex rel. Rost v. Pfizer, Inc.*, 736 F. Supp. 2d 367, 374 (D. Mass. 2010) (quoting *Liberty Lobby*, 477 U.S. at 249-50).  A party may not satisfy this burden by "rest[ing] upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 156.  These specific facts must be supported by "concrete, admissible evidence." *Barros-Villahermosa v. United States*, 642 F.3d 56, 58 (1st Cir. 2011) (quotation and citation omitted).

Because the Stipulation attached as Exhibit A to Defendant's Statement of Undisputed Facts conclusively establishes (at ¶¶ 10, 11) not only that Duxbury lacks evidence to

support her remaining allegations, but also that Duxbury cannot rebut OBP's showing in this regard, summary judgment must be entered in favor of OBP.  *See, e.g., Gonzalez v. Compass Vision, Inc.*, 2010 WL 3909687, at *2 & n.4 (N.D. Cal. Oct. 5, 2010) (noting, in granting summary judgment, that "Compass is bound by the stipulated facts" that did not include evidence supporting its claim and observing that "[l]itigants, we have long recognized, 'are entitled to have their case tried upon the assumption that . . . facts, stipulated into the record, were established.'") (*quoting Christian Legal Soc'y v. Martinez*, --- U.S. ----, ----, 130 S.Ct. 2971, 2983 (2010)); *Worden v. Gay*, 902 F.2d 42, 1990 WL 56837, at *1, *5 (9th Cir. July 5, 1990) (table) (affirming summary judgment where "appellant had conceded by stipulation that no evidence exists" to support claim).

To prevail under the FCA, Duxbury bears the burden of proving that OBP knowingly submitted or caused to be submitted false claims to the government, or that OBP knowingly made, used, or caused to be made false records or statements to get a false claim paid by the government.  31 U.S.C. § 3729(a)(1); 31 U.S.C. § 3731(d).  In her sole remaining claim in this lawsuit, Duxbury alleges that OBP violated the FCA by giving "kickbacks to providers and hospitals to induce them to prescribe Procrit."  (SUF ¶ 3.)  Duxbury further alleges that these "kickbacks caused providers and hospitals to submit false claims for payment to Medicare for Procrit."  (*Id.*)  Finally, Duxbury alleges that by giving kickbacks "to Providers and hospitals that resulted in actual invoices to be false, Defendant used a false record or statement to get a false claim paid by the Government."  (*Id.*)

After approximately four months of discovery, Duxbury now concedes that she is unable to identify and "does not possess any documents, witness testimony or other admissible evidence to support [her] remaining allegations, as limited by the Court's Order dated September

5

27, 2010." (SUF ¶ 12 & Ex. A ¶¶ 9-10.)  Indeed, Duxbury has expressly stipulated that she has not identified "a specific payment that could be considered a 'kickback' made to the accounts serviced by Mark Duxbury during November 6, 1997 to July 20, 1998": "St. Joseph's Hospital in Tacoma, Washington; Rainier Oncology of Puyallup, Washington; Western Washington Cancer Treatment Center in Olympia, Washington; Memorial Clinic in Olympia, Washington; and Memorial Clinical Oncology Group in Washington." (SUF ¶ 12 & Ex. A ¶¶ 6, 10.)  Without any evidence to support her remaining false-claim allegations – all of which turn on Defendant's alleged payment of "kickbacks" to the five foregoing accounts during the foregoing time period – Duxbury cannot survive Defendant's summary judgment motion.  *See* Fed. R. Civ. P. 56(a) ("[c]ourt *shall* grant summary judgment" where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law") (emphasis added); *Celotex v. Catrett*, 477 U.S. 317, 323 (1986) ("a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and "[t]he moving party is entitled to a judgment as a matter of law") (quotation omitted).

Moreover, Duxbury cannot rebut OBP's demonstration that "there is an absence of evidence to support [her] position."  *See Rogers*, 902 F.2d at 143.  To do so, Duxbury would need to establish, through "concrete, admissible evidence," that a jury could return a verdict in her favor on the remaining claims in this case.  *Barros-Villahermosa*, 642 F.3d at 57; *Liberty Lobby*, 477 U.S. at 249-50.  But Duxbury has squarely acknowledged and stipulated that she does not have and will not offer any such evidence.  (SUF ¶¶ 12-15).  Duxbury's pleadings alone cannot satisfy her evidentiary burden on summary judgment.  *See Liberty Lobby*, 477 U.S. at 156.

## **CONCLUSION**

For the foregoing reasons, OBP's motion for summary judgment should be granted.

Date:  November 15, 2011

/s/ Ethan M. Posner
Ethan M. Posner (admitted *pro hac vice*)
Patrick S. Davies
Anne Y. Lee (BBO # 667381)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
(Tel) (202) 662-6000
(Fax) (202) 662-6291
eposner@cov.com
pdavies@cov.com
alee@cov.com

*Attorneys for Defendant Ortho Biotech Prods., L.P.*

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing document was served upon the following attorneys by Electronic Case Filing and/or by First Class Mail on November 15, 2011:

| | |
|---|---|
| Sara Miron Bloom<br>U.S. Attorney's Office<br>District of Massachusetts<br>1 Courthouse Way<br>Suite 9200<br>Boston, MA 02210 | Kathleen C. Chavez<br>The Chavez Law Firm, P.C.<br>416 S. Second Street<br>Geneva, IL 60134 |
| Jamie Yavelberg<br>United States Department of Justice<br>601 D Street, N.W.<br>Patrick Henry Building<br>Washington, DC 20004 | Robert M. Foote<br>Foote, Meyers, Mielke & Flowers, LLC<br>416 S. Second Street<br>Geneva, IL 60134 |
| Jan R. Schlichtmann<br>Jan Richard Schlichtmann Atty At Law PC<br>P.O. Box 233<br>Prides Crossing, MA 01965 | Paul E. Simmerly<br>Herman, Recor, Araki, Kaufman,<br>Simmerly & Jackson, PLLC<br>2100 - 116th Avenue, NE<br>Bellevue, WA 98004 |

                                            /s/ Ethan M. Posner
                                            Ethan M. Posner (admitted *pro hac vice*)
                                            COVINGTON & BURLING LLP
                                            1201 Pennsylvania Avenue, NW
                                            Washington, DC 20004
                                            (Tel) 202-662-6000
                                            (Fax) 202-662-6291
                                            eposner@cov.com