# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| **ex rel. CHINYELU DUXBURY** ) | |
| ) | |
| **Relator,** ) | |
| ) | |
| **v.** ) | **Case No. 03-cv-12189-RWZ** |
| ) | |
| **ORTH BIOTECH PRODUCTS, L.P.,** ) | **Judge Rya W. Zobel** |
| ) | |
| **Defendant.** ) | |

## RELATOR'S USDC LOCAL RULE 56.1 RESPONSE STATEMENT

Relator submits the following in response to "Defendant's Statement Of Undisputed Facts":

1.     On January 28, 2008, this Court issued a decision dismissing the First Amended Complaint ("Complaint") in its entirety. (Ex. A ¶ 1; Dkt. 80 at 1, 28-29.)

**Relator's Response to Ortho's Rule 56.1 Statement 1:**

Relator does not dispute this statement.  In addition, Relator states that**:**

This Court concluded Duxbury's and McClellan's "Kickback allegations [of a "*scheme to give kickbacks to providers and hospitals* to induce them to prescribe Procrit … from December *1992 to the present*"][1] *are the same* as those alleged in the MCC,"[2] ie Ortho "engaged in *widespread fraudulent conduct*" regarding "Kickbacks".[3]  This Court ruled further that McClellan "*does not assert any new claims* of his own, but *only adds additional supporting facts*

---

[1] *US ex rel. Duxbury v. Ortho Biotech Products LP*, 551 F. Supp 2d 100, 104 (USDC DMa 2008)

[2] Id. at 108 (emphasis added).

[3] Id. at 108 (emphasis added).

*to the legal claims previously made*" by Duxbury.[4]  The Court agreed with Ortho that "even if

[McClellan] qualified [as an Original Source, he] would be barred by the "first-to-file" bar."[5]

This Court stated, "as discussed more fully *infra*, the first-to-file bar in §3730(b)(5) prevents

private plaintiffs 'from bringing *related* actions based on the *same underlying facts'*."[6]

2.      On August 12, 2009, the United States Court of Appeals for the First Circuit issued an
opinion affirming this Court's January 28, 2008, decision in part and reversing the decision in
part. (Ex. A ¶ 2; Dkt. 88 at 3.) The court ruled that Mark Duxbury had pled certain claims
relating to Count I with sufficient particularity under Federal Rule of Civil Procedure 9(b). (Dkt.
88 at 42; Dkt. 106 at 1-3.)

**Relator's Response to Ortho's Rule 56.1 Statement 2:**

Relator does not dispute this statement.  In addition, Relator states that**:**

        The 1st Circuit in its opinion ruled that "Duxbury's allegations pass muster for purposes of

Rule 9(b)" and that "Duxbury has alleged facts that false claims were in fact filed by the medical

providers he identified, which further supports a strong inference that such claims were also filed

nationwide."[7]

3.      According to Duxbury's generalized allegations in Count I in the Complaint, Defendant
engaged in a scheme to give "kickbacks to providers and hospitals to induce them to prescribe
Procrit." Count I further alleges that "Defendant's kickbacks caused providers and hospitals to
submit false claims for payment to Medicare for Procrit," and "by giving off-invoice discounts to
Providers and hospitals that resulted in actual invoices to be false, Defendant used a false record
or statement to get a false claim paid by the Government." (Dkt. 51-3 ¶¶ 228, 229; Dkt. 106 at
2.)

---

[4] Id. at 109 (emphasis added).

[5] Id. at 110.

[6] Id. at 110 (emphasis added).

[7] *US ex rel Duxbury v. Ortho Biotech Products LP*, 579 F3d 13, 30-32 (1st Cir. 2009).

**Relator's Response to Ortho's Rule 56.1 Statement 3:**

Relator does not dispute this statement.  In addition, Relator states that**:**

> This Court found regarding Relator's allegations as follows:
>
> In his position as a Product Specialist and later Regional Key Account Specialist for [Ortho's] Western Division Oncology sales force, Duxbury was responsible for the promotion and sale of Procrit in the western United States.  The complaint alleges that, at [Ortho's] direction, he gave providers free samples of Procrit and instructed the providers to submit Medicare claims for the samples, … and directly provided discounts, rebates, educational grants, and other off-invoice discounts to providers to lower the actual acquisition cost of Procrit.  … *His knowledge of the alleged fraud is both independent and direct.*

*US ex rel. Duxbury v. Ortho Biotech Products LP*, 551 F. Supp 2d 100, 109 (USDC DMa 2007).

4.     On December 10, 2009, the administrator of Relator Mark Duxbury's estate, Chinyelu Duxbury, was substituted for him as Relator in this action. (Elec. Order dated December 10, 2009; Dkt. 106 at 1 n.1.)

**Relator's Response to Ortho's Rule 56.1 Statement 4:**

Relator does not dispute this statement.  In addition, Relator states that**:**

The administrator of Relator Mark Duxbury's estate, Chinyelu Duxbury, the surviving

spouse of Mark Duxbury, succeeded as the Relator in this action because on "October 13, 2009

Relator Plaintiff Mark Duxbury died."[8]

5.     On September 27, 2010, this Court entered an order defining the scope of what remained in this case as a result of the First Circuit's ruling. Specifically, this Court limited the scope of the remaining claims to only those claims described in Count I of the Complaint that (i) arose during the period from November 6, 1997 to July 20, 1998 and (ii) involved provider accounts about which Mark Duxbury had "direct and independent knowledge." The Court also ruled that Relator is "limited to discovery pertaining" to such accounts. (Ex. A ¶ 3; Dkt. 106 at 4-6.)

**Relator's Response to Ortho's Rule 56.1 Statement 5:**

Relator does not dispute this statement.  In addition, Relator states that**:**

---

[8] 11-11-09 Relator's "Statement Noting Death."

Over Relator's Opposition,[9] this Court, based on Ortho's 12-31-09 "Brief,"[10] entered the 9-27-10 Order limiting, temporally and geographically, discovery regarding Relator's claims and Relator's recovery.  Pursuant to this Court's 9-27-10 ruling that this Court "lacks Jurisdiction" over the nationwide scheme alleged by Relator, discovery and recovery was limited to the last eight months of Duxbury's employment and the five accounts during that period over which Duxbury had "direct and independent knowledge."[11]

6.      Of Duxbury's eight accounts described in the Complaint, only five involved allegations that fall within the timeframe specified in the Court's September 27 Order: St. Joseph's Hospital in Tacoma, Washington; Rainier Oncology of Puyallup, Washington; Western Washington Cancer Treatment Center in Olympia, Washington; Memorial Clinic in Olympia, Washington; and Memorial Clinical Oncology Group in Washington. (*See* Ex. A ¶¶ 3, 6; Dkt. 51-3 ¶ 211; Dkt. 107 ¶ 4; Dkt. 109 at 2.)

**Relator's Response to Ortho's Rule 56.1 Statement 6:**

Relator does not dispute this statement.

7.      On February 3, 2011, the Court denied Relator's motion for leave to appeal the Court's September 27, 2010 ruling. (Ex. A ¶ 4; Elec. Order dated Feb. 3, 2011.)

**Relator's Response to Ortho's Rule 56.1 Statement 7:**

Relator does not dispute this statement.

8.      On July 1, 2011, Defendant filed an Answer to the Complaint denying that any of the remaining claims, as limited by the Court's September 27, 2010, ruling, has any merit whatsoever. (Ex. A ¶ 5; Dkt. 111.)

**Relator's Response to Ortho's Rule 56.1 Statement 8:**

Relator does not dispute this statement.

---

[9] 1-18-10 "Relator Duxbury's Opposition to Ortho's 12-31-09 'Brief'."

[10] 12-31-09 Ortho's "Brief On The Proper Scope Of Relator's Remaining Kickback Claims." This Court treated Ortho's 12-31-09 "Brief" as a motion.  See, 12-10-09 Docket Entry.

[11] 9-27-10 Memorandum of Decision p. 5-6.

9.      On June 13, 2011, Relator and Defendant filed a Local Rule 16.1(d) Joint Statement ("Joint Statement") that, consistent with the Court's September 27, 2010, ruling, limited discovery to Duxbury's Count I claims from (i) the November 6, 1997 to July 20, 1998 time period and (ii) the following five accounts: St. Joseph's Hospital in Tacoma, Washington; Rainier Oncology of Puyallup, Washington; Western Washington Cancer Treatment Center in Olympia, Washington; Memorial Clinic in Olympia, Washington; and Memorial Clinical Oncology Group in Washington. (Ex. A ¶ 6; Dkt. 109 at 2; Dkt. 110.)

**Relator's Response to Ortho's Rule 56.1 Statement 9:**

Relator does not dispute this statement.

10.     The parties' proposed schedule in the Joint Statement included the following deadlines: a.     Completion of Discovery: October 15, 2011 b.Dispositive Motions: November 15, 2011 (Ex. A ¶ 7; Dkt. 109 at 3; Dkt. 110.)

**Relator's Response to Ortho's Rule 56.1 Statement 10:**

Relator does not dispute this statement.

11.     The Court endorsed the Joint Statement in its entirety on June 22, 2011. In addition, the Court ordered that oppositions to dispositive motions be filed on or before December 6, 2011 and set a hearing on such motions for December 13, 2011. (Ex. A. ¶ 8; Elec. Endorsement dated June 22, 2011.)

**Relator's Response to Ortho's Rule 56.1 Statement 11:**

Relator does not dispute this statement.

12.     At the conclusion of the discovery period, Relator informed Defendant that she is unable to identify and does not possess any documents, witness testimony or other "evidence to support [her] remaining allegations." Specifically, Relator has stipulated that she has no evidence of "a specific payment that could be considered a 'kickback' made to the accounts serviced by Mark Duxbury during [the] November 6, 1997 to July 20, 1998" time period (the five accounts mentioned in paragraphs 6 and 9 above). (Ex. A ¶ 10.)

**Relator's Response to Ortho's Rule 56.1 Statement 12:**

The Relator disputes this statement to the extent it does not contain the entire Stipulated

Statement.  The complete Stipulated statement contained at par. 10 of the parties' "Stipulation"

states as follows:

At the conclusion of the discovery period, in response to Defendant's discovery requests, Relator informed Defendant that Relator has not identified and does not possess any documents, witness testimony, or other admissible evidence to support Relator's remaining allegations, as limited by the Court's Order dated September 27, 2010, namely identification of a specific payment that could be considered a "kickback" made to the accounts serviced by Mark Duxbury during November 6, 1997 to July 20, 1998 as set forth in paragraph 6 [of the stipulation].  Similarly, Defendant has informed Relator that it has not uncovered any such materials as well.  The Parties thus agree that each has had its opportunity to discover any specific payments that could be considered "kickbacks" made to the accounts serviced by Mark Duxbury during November 6, 1997 to July 20, 1998, and that such discovery is now complete.

10-31-11 "Stipulation" between Relator and Ortho par. 10.

13.    Relator has acknowledged that she has had her opportunity to discover any specific payments that could be considered "kickbacks" made to the accounts serviced by Mark Duxbury during November 6, 1997 to July 20, 1998, and that such discovery is now complete. (Ex. A ¶ 10.)

**Relator's Response to Ortho's Rule 56.1 Statement 13:**

Relator refers to its Response at par. 12 above.

14.    In light of the facts set forth in paragraphs 12 and 13 above, Relator and Defendant have agreed to enter into the Stipulation attached hereto as Exhibit A in the interest of the efficient administration of this matter. (Ex. A ¶ 11.)

**Relator's Response to Ortho's Rule 56.1 Statement 14:**

Relator disputes this statement.  The Stipulated statement at par. 11 states:

In light of the acknowledgment by Relator contained in Paragraph 10 [of the Stipulation], Relator and Defendant have agreed to enter into this Stipulation in the interest of the efficient administration of this matter.

10-31-11 "Stipulation" between Relator and Ortho par. 11.

15.     Relator and Defendant have agreed in the Stipulation that neither Defendant's summary judgment motion, nor Relator's opposition thereto, will attach any documents, witness testimony, or any other admissible evidence beyond the Stipulation. (Ex. A ¶ 11.)

**Relator's Response to Ortho's Rule 56.1 Statement 15:**

The Relator disputes this statement to the extent it does not contain the entire pertinent part of

RELATOR'S LR RULE 56.1 RESPONSE
PAGE 7

the Stipulated Statement upon which it is based.  The entire pertinent part of the Stipulated

statement contained at par. 11 of the parties' "Stipulation" states as follows:

> Based on the acknowledgment contained in paragraph 10 [of the Stipulation] and the
> Court's September 27, 2010, Order and the limitations described above [in the Stipulation],
> neither Defendant's summary judgment motion, nor Relator's opposition thereto, will
> attach any documents, witness testimony, or any other admissible evidence beyond this
> stipulation.

10-31-11 "Stipulation" between Relator and Ortho par. 11.

Dated:  December 6, 2011

Respectfully submitted by counsel for Relator:

/s/ Jan Schlichtmann
Jan R. Schlichtmann, Esq.
PO Box 233
Prides Crossing, MA 01965
978-927-1037
BBO #445900
Email: jan@schlichtmannlaw.com

/s/ Robert Foote
Robert Foote, Esq.
Foote Meyers Mielke
& Flowers, LLC
416 S. Second St.
Geneva, IL 60134
630-232-6333
IL Bar No. 03124325

/s/ Kathleen Chavez
Kathleen Chavez, Esq.
Chavez Law Firm, PC
416 S. Second St.
Geneva, IL 60134
630-232-4480
IL Bar No. 06255735

/s/ Dale Aschemann
Dale J. Aschemann, #6269347
Aschemann Keller LLC
300 North Monroe Street
Marion, Illinois 62959-2326
Telephone:  (618) 998-9988
Facsimile:  (618) 993-2565

/s/ Paul Simmerly
Paul Simmerly, Esq WA Bar No. 10719
Herman Recor Araki Kaufman
Simmerly & Jackson, PLLC
2100-116th Ave. NE
Bellevue, WA 98004
425-451-1400

RELATOR'S LR RULE 56.1 RESPONSE
PAGE 8

## CERTIFICATE OF ELECTRONIC SERVICE

This is to certify that on the 6th day of December, 2011 the above document was served on Ortho and the United States by electronic service.

/s/ Jan Schlichtmann
Jan R. Schlichtmann
Attorney for Relator