**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* CHINYELU DUXBURY, | |
| Relator, | Civil No. 03-12189 (RWZ) |
| v. | The Honorable Rya W. Zobel |
| ORTHO BIOTECH PRODUCTS, L.P., | |
| Defendant. | |

**REPLY IN SUPPORT OF DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

Duxbury's response to OBP's motion for summary judgment is an opposition in name only. In substance, Duxbury's response (i) squarely concedes that she cannot avoid summary judgment on the few claims that this Court has held still remain in this case because she does not have any evidence to support them, and (ii) requests instead – and for the second time – that the Court reconsider its September 27, 2010 Order and dramatically expand the scope of the case. Duxbury's response thus cannot defeat OBP's properly supported summary judgment motion. It also fails to meet the standard governing motions for reconsideration.

As explained in OBP's opening memorandum (at 1, 4), in order to survive OBP's motion for summary judgment on the few remaining claims in this case, Duxbury must present "sufficient evidence favoring [her position] for a jury to return a verdict" for her on those claims and "may not rest on mere allegations or denials of [her] pleading." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 249-50, 256 (1986). Duxbury has not met this standard because, as she stipulated, she does not possess and has not submitted any "evidence to support [her] remaining allegations." (Defs.' Mem. in Supp. of Mot. for Summary Judgment at 5-6; SUF ¶¶ 12, 15 & Ex. A ¶¶ 9-11.) Indeed, Duxbury further stipulated that she does not have any evidence that even

"could be considered a 'kickback' made to the accounts serviced by Mark Duxbury [from] November 6, 1997 to July 20, 1998[,]" which is the only slice of this case that remains. (Defs.' Mem. in Supp. of Mot. for Summary Judgment at 6; SUF ¶¶ 5-6, 12 & Ex. A ¶¶ 3, 6, 10.) Duxbury acknowledges this lack of evidence once again in her opposition, stating (at 10) that she does not have "the means to prove [OBP's] scheme resulted in the use of 'kickbacks' to induce the submission of fraudulent claims" by the accounts serviced by Mark Duxbury during the relevant eight-month period. Summary judgment must therefore be entered in favor of OBP. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986) ("a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and "[t]he moving party is entitled to a judgment as a matter of law") (quotation omitted).

Duxbury's request that this Court reconsider its September 27 Order should also be denied. First, the request is untimely, as more than fourteen months have passed since the Court issued its September 27 Order. *See Aini v. Sun Taiyang Co., Ltd.*, 174 F.R.D. 327, 329-30 (S.D.N.Y. 1997) (denying reconsideration request due to eight-month delay). Second, Duxbury simply regurgitates an earlier reconsideration request.[1] Third, and most importantly, Duxbury cannot meet the exacting standard applied to motions for reconsideration.

As explained by this Court, "[i]t is very difficult to prevail on a . . . motion for reconsideration." *Linton v. N.Y. Life Ins. & Annuity Corp.*, 2006 WL 3043224, at *1 (D. Mass. Oct. 25, 2006) (Zobel, J.).[2] Reconsideration "'does not allow a party to . . . advance arguments

---

[1] *See* Relator's Request That The Court Amend Its 9-27-10 Order Granting Permission For Appeal. (Dkt. 107.)

[2] Although in *Linton* this Court addressed a motion for reconsideration brought under Rule 59(e) – not a motion for reconsideration of an interlocutory order as would be the case here – courts in (continued…)

that could and should have been presented to the district court prior to the judgment.'" *Id.* (quoting *Aybar v. Crispin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997)).  Rather, reconsideration is appropriate only in the narrow case where the moving party "has made a 'clear showing' that (1) newly discovered evidence has come to light, or (2) the court rendering judgment has committed a manifest error of law." *Id.* (citing *Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, 7 n.2 (1st Cir.2005)).

Duxbury has done neither.  To the contrary, to the extent that Duxbury's response to OBP's summary judgment motion seeks reconsideration of this Court's scope ruling, she expressly relies on the identical arguments that she previously advanced (and that this Court previously rejected) in this case.  (*See* Relator's Opp. to OBP's Mot. for Summary Judgment at 9-10 ("Relator refers to the arguments made in its prior filings." *i.e.* "her 1-18-10 Opposition and 12-30-10 Request for permission to appeal the 9-27-10 Order").)[3]  Reconsideration of the Court's September 27, 2011 Order is therefore unwarranted.

---

this district apply the same standard to both types of motions.  *See, e.g.*, *Tomon v. Entergy Nuclear Operations, Inc.*, 2011 WL 3812708, at *1 (D. Mass. Aug. 25, 2011).

[3] Similarly, OBP has already fully addressed the merits of Duxbury's prior arguments in (i) Defendant's Brief on the Proper Scope of Relator's Remaining Kickback Claims (Dkt. 93), (ii) Defendant's Reply on the Proper Scope of Relator's Remaining Kickback Claims (Dkt. 96), and (iii) Defendant's Opposition to Relator's Request for Permission to Pursue an Interlocutory Appeal of the Court's Order on the Scope of the Remand (Dkt. 108).

For the reasons set forth above, as well as the reasons set forth in OBP's Memorandum in Support of its Motion for Summary Judgment, OBP respectfully requests that the Court grant summary judgment in its favor on all remaining claims in this case.

Date:  December 9, 2011

/s/ Ethan M. Posner
Ethan M. Posner (admitted *pro hac vice*)
Patrick S. Davies
Anne Y. Lee (BBO # 667381)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
(Tel) (202) 662-6000
(Fax) (202) 662-6291
eposner@cov.com
pdavies@cov.com
alee@cov.com

*Attorneys for Defendant Ortho Biotech Prods., L.P.*

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document was served upon the following attorneys by Electronic Case Filing and/or by First Class Mail on December 9, 2011:

| | |
|---|---|
| Sara Miron Bloom<br>U.S. Attorney's Office<br>District of Massachusetts<br>1 Courthouse Way<br>Suite 9200<br>Boston, MA 02210 | Kathleen C. Chavez<br>The Chavez Law Firm, P.C.<br>416 S. Second Street<br>Geneva, IL 60134 |
| Jamie Yavelberg<br>United States Department of Justice<br>601 D Street, N.W.<br>Patrick Henry Building<br>Washington, DC 20004 | Robert M. Foote<br>Foote, Meyers, Mielke & Flowers, LLC<br>30 North LaSalle Street<br>Suite: 2340<br>Chicago, IL 60602 |
| Jan R. Schlichtmann<br>Jan Richard Schlichtmann Atty At Law PC<br>P.O. Box 233<br>Prides Crossing, MA 01965 | Paul E. Simmerly<br>Herman, Recor, Araki, Kaufman,<br>Simmerly & Jackson, PLLC<br>2100 - 116th Avenue, NE<br>Bellevue, WA 98004 |

       /s/ Ethan M. Posner
       Ethan M. Posner (admitted *pro hac vice*)
       COVINGTON & BURLING LLP
       1201 Pennsylvania Avenue, NW
       Washington, DC 20004
       (Tel) 202-662-6000
       (Fax) 202-662-6291
       eposner@cov.com